IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CV-134-BO

| | |
|---|---|
| NATALIE D. BARAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 17, 19]. A hearing on this matter was held in Raleigh, North Carolina on July 25, 2017. [DE 25]. For the reasons discussed below, this matter is REMANDED for further consideration by the Commissioner.

## BACKGROUND

Plaintiff has previous work experience as an office manager from 1994 to 2007, a waitress in 2009, and a chef in 2010. Plaintiff asserts that she stopped working due to insulin-dependent diabetes mellitus with neuropathy, fibromyalgia, bipolar disorder, and carpal tunnel syndrome. Plaintiff has alleged an onset date of December 15, 2009.

On August 5, 2011, plaintiff filed applications for disability insurance benefits under Title II of the Social Security Act ("Act") and supplemental security income benefits under Title XVI of the Act. Plaintiff's applications were denied both initially and upon reconsideration. An Administrative Law Judge ("ALJ") held a hearing to consider plaintiff's claims *de novo* and, on March 12, 2013, issued a decision denying plaintiff's claim. Plaintiff requested a review of the

ALJ's decision. On May 12, 2014, the Appeals Council issued an order for another hearing. A second hearing was held before a different ALJ on December 3, 2014, and resulted in another unfavorable decision on January 16, 2015. Plaintiff again requested a review of the ALJ's decision, but was denied by the Appeals Council on May 7, 2016, rendering the ALJ's decision the final decision of the Commissioner. On June 10, 2016, plaintiff filed a complaint with the court seeking judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

## **LEGAL STANDARD**

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether the Commissioner employed the correct legal standard and whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual:

> shall be determined to be under a disability only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy.

2

42 U.S.C. § 1382c(a)(3)(B).

In making an initial disability determination, the ALJ engages in a sequential five-step evaluation process. 20 C.F.R. § 404.1520(a); *see Johnson*, 434 F.3d at 653. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). The ALJ's inquiry ceases if a decision regarding disability can be made at any step of the process. *See* 20 C.F.R. §§ 404.1520(a)(4).

When evaluating adults, if the claimant is currently engaged in substantial gainful activity the ALJ denies the claim at step one. 20 C.F.R. § 416.920(a)(4). At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting her from performing basic work activities. *Id.* At step three, the claimant's impairment is compared to those in the Listing of Impairments. *Id.* (citing 20 C.F.R. Part 404, Subpart P, App. 1). If the impairment is listed in the Listing of Impairments or if it is equivalent to a listed impairment, disability is conclusively presumed. *Id.* However, if the claimant's impairment does not meet or equal a listed impairment then, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine whether plaintiff can perform her past work despite her impairments. *Id.* When assessing a claimant's RFC, the ALJ is to consider both severe and non-severe impairments, and any combination thereof, taking into account both objective medical evidence as well as subjective complaints of pain and limitations. 20 C.F.R. § 404.1545(e). If the claimant cannot perform past relevant work ("PRW"), the analysis moves on to step five: establishing whether the claimant–based on her age, work experience, and RFC–can make an adjustment to perform other substantial gainful work. 20 C.F.R. § 416.920(a)(4). If the claimant cannot perform other work, then she is found to be disabled. *Id.*

## DISCUSSION

In the present case, the ALJ's January 16, 2015, decision found that the plaintiff had the RFC to perform light work, and noted the following restrictions:

> she can only occasionally perform postural activities. She can do no climbing of ladders, ropes or scaffolds. [She] is limited to simple routine repetitive tasks and is restricted to work with no ongoing interaction with the public beyond casual or brief conversation. She is restricted to frequent handling and fingering. Additionally, she must have the option to change position from sitting or standing every 45 minutes to an hour at the workstation.

[Tr. 31].

On the basis of the RFC provided by the ALJ, the vocational expert ("VE") testified at the December 3, 2014, hearing that, although plaintiff could not perform her former past relevant work (PRW), plaintiff could still perform other jobs including: hand packer/inspector, DOT # 559.687-074 (467,000 jobs existing nationally); laundry worker, DOT # 361.684-014 (328,000 jobs nationally); stock checker, DOT # 299.667-014 (198,000 jobs nationally) and odd piece checker, DOT # 221.587-018 (1,5000,000 jobs nationally). [Tr. 110–11]. Notably, however, the VE also testified that no jobs would be available to plaintiff at the light exertional level if she were limited to occasional (versus frequent) handling and fingering. [Tr. 112]. In reliance upon the VE's testimony, the ALJ determined that the plaintiff could perform other substantially gainful work and was not disabled. [Tr. 44–45]

Here, the ALJ's finding that plaintiff's RFC included frequent handling and fingering is inconsistent with plaintiff's November 22, 2010, diagnosis of peripheral neuropathy affecting her arms and hands, carpel tunnel syndrome, and mild trigger fingers. [Tr. 538]. Although the ALJ found that "[t]there is no medical evidence of record documenting continued complaints [after

4

November 2010] of symptoms of carpel tunnel syndrome to treating physicians," [Tr. 27], this finding is belied by record evidence dated November 8, 2012, discussing a nerve conduction study that found moderate bilateral carpel tunnel syndrome and severe mixed sensorimotor polyneuropathy affecting plaintiff's arms (although the condition was, admittedly, more prominent in her legs) [Tr. 754]. Additionally, although the ALJ found that plaintiff's carpal tunnel syndrome was a "nonsevere impairment" because it had "no more than a minimal effect on her ability to perform basic work activities" [Tr. 27–28], the record reflects plaintiff's statements regarding her limited ability to grasp items, type on a computer, cook, button buttons, or accomplish other manipulative tasks [Tr. 107–08]. The record does not reflect contrary medical evidence demonstrating that plaintiff is capable of accomplishing such tasks. Moreover, if plaintiff were unable to accomplish "basic work activities" with her hands, her disability due to carpal tunnel syndrome and peripheral neuropathy/polyneuropathy, presuming sufficient duration, would be classified as severe. *See* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), (c).

The court also notes that, in its May 12, 2014, remand order, the Appeals Council instructed the ALJ, *inter alia*, to (1) "give further consideration to the nature and severity of [plaintiff's] 'carpal tunnel syndrome' and 'diabetic neuropathy' or 'polyneuropathy,'" and (2) "obtain additional evidence concerning plaintiff's impairments . . . ." [Tr. 184]. The Appeals Council also required that: "[t]he additional evidence shall include, a consultative physical examination and medical source statements about what the claimant can still do despite the impairments." *Id.* Although the ALJ acknowledged in his January 16, 2015, decision that the Appeals Council had directed him to obtain a consultative physical examination and medical source statements. [Tr. 24], the record nevertheless reflects that the ALJ failed to order a consultative physical examination and medical source statements and, as discussed above, the

ALJ's discussion regarding plaintiff's carpal tunnel syndrome and peripheral neuropathy/polyneuropathy as it affects her arms and hands is, at best, incomplete. The court also finds that ALJ's incomplete analysis as to these conditions cannot be said to be harmless because, as discussed above, the VE testified that no jobs would be available to plaintiff at the light exertional level if she were limited to occasional (versus frequent) handling and fingering. [Tr. 112].

Succinctly stated, the Commissioner's final decision is not supported by substantial evidence because the Commissioner has failed to resolve aforementioned inconsistencies in the evidence. *See Perales*, 402 U.S. at 401; *Seacrist v. Weinberger*, 538 F.2d 1054, 1056–57 (4th Cir. 1976) (noting that the Commissioner bears the responsibility of resolving inconsistencies in the evidence). However, because the record reflects no medical evidence demonstrating that plaintiff, despite her diagnosed carpel tunnel syndrome and peripheral neuropathy/polyneuropathy, either is, or is not, capable of frequent handling and fingering, the court will not order that the Commissioner award benefits. Instead, the court will remand to the agency for additional fact-finding as necessary resolve the matter. *See Edwards v. Bowen*, 672 F.Supp. 230, 236 (E.D.N.C. 1987) ("The decision of whether to reverse and remand for calculation of benefits, or reverse and remand for a new hearing, is one which lies within the sound discretion of the court.").

In light of the need to remand the case for further consideration of the issue of plaintiff's carpal tunnel syndrome and peripheral neuropathy/polyneuropathy, the court need not address the plaintiff's remaining contentions. *See, e.g., Boone v. Barnhart*, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments).

## **CONCLUSION**

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings is GRANTED, and the matter is REMANDED to the Commissioner for further proceedings consistent with this decision.

SO ORDERED.

This __7__ day of August, 2017.

_Terrence Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE